MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ERICA MENDOZA, *individually and on behalf of others similarly situated*,

                *Plaintiff*,

   -against-

KIDZ KORNER OF NEW ROCHELLE INC. (D/B/A KIDZ KORNER), KIDZ KORNER OF SCARSDALE INC. (D/B/A KIDZ KORNER), IVY RENTZ, and JOY FARMER,

                *Defendants*.
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Erica Mendoza ("Plaintiff Mendoza" or "Ms. Mendoza"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Kidz Korner of New Rochelle Inc. (d/b/a Kidz Korner), Kidz Korner of Scarsdale Inc. (d/b/a Kidz Korner), ("Defendant Corporations"), Ivy Rentz and Joy Farmer, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Mendoza is a former employee of Defendants Kidz Korner of New Rochelle Inc. (d/b/a Kidz Korner), Kidz Korner of Scarsdale Inc. (d/b/a Kidz Korner), Ivy Rentz, and Joy Farmer.

2. Defendants own, operate, or control a preschool, located at 555 Davenport Ave, New Rochelle, NY 10805 under the name "Kidz Korner" and at 777 Post Rd, Scarsdale, NY 10583 under the name "Kidz Korner".

3. Upon information and belief, individual Defendants Ivy Rentz and Joy Farmer, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the preschools as a joint or unified enterprise.

4. Plaintiff Mendoza was employed as a head teacher at the preschools located at 555 Davenport Ave, New Rochelle, NY 10805 and 777 Post Rd, Scarsdale, NY 10583.

5. At all times relevant to this Complaint, Plaintiff Mendoza worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6. Rather, Defendants failed to pay Plaintiff Mendoza appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Mendoza wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Mendoza to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendoza and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Mendoza now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Mendoza seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Mendoza's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a preschool located in this district. Further, Plaintiff Mendoza was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Erica Mendoza ("Plaintiff Mendoza" or "Ms. Mendoza") is an adult individual residing in Westchester County, New York.

15. Plaintiff Mendoza was employed by Defendants at Kidz Korner from approximately March 1, 2017 until on or about March 22, 2019.

16. Plaintiff Mendoza consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled two preschools, located at 555 Davenport Ave, New Rochelle, NY 10805 under the name "Kidz Korner" and at 777 Post Rd, Scarsdale, NY 10583 under the name "Kidz Korner".

18. Upon information and belief, Kidz Korner of New Rochelle Inc. (d/b/a Kidz Korner) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 555 Davenport Ave, New Rochelle, NY 10805.

19. Upon information and belief, Kidz Korner of Scarsdale Inc. (d/b/a Kidz Korner) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 777 Post Rd, Scarsdale, NY 10583.

20. Defendant Ivy Rentz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ivy Rentz is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ivy Rentz possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Mendoza, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Joy Farmer is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joy Farmer is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Joy Farmer possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Mendoza, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate two preschools located in New Rochelle and Scarsdale in the county of Westchester in New York state.

23. Individual Defendants, Ivy Rentz and Joy Farmer, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Mendoza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mendoza, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Mendoza (and all similarly situated employees) and are Plaintiff Mendoza's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Mendoza and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Ivy Rentz and Joy Farmer operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

   f) intermingling assets and debts of their own with Defendant Corporations,

   g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Mendoza's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Mendoza, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Mendoza's services.

30.     In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the preschools on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Mendoza is a former employee of Defendants who was employed as a head teacher.

33.     Plaintiff Mendoza seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Erica Mendoza*

34.     Plaintiff Mendoza was employed by Defendants from approximately March 1, 2017 until on or about March 22, 2019.

35.     Defendants employed Plaintiff Mendoza as a head teacher.

36.     Plaintiff Mendoza regularly handled goods in interstate commerce, such as preschool and other supplies produced outside the State of New York.

37.     Plaintiff Mendoza's work duties required neither discretion nor independent judgment.

38. Throughout her employment with Defendants, Plaintiff Mendoza regularly worked in excess of 40 hours per week.

39. From approximately March 1, 2017 until on or about March 22, 2019, Plaintiff Mendoza worked from approximately 7:00 a.m. until on or about 6:30 p.m., Mondays through Fridays (typically 57.5 hours per week).

40. Throughout her employment, Defendants paid Plaintiff Mendoza her wages through direct deposit.

41. From approximately March 2017 until on or about June 2017, Defendants paid Plaintiff Mendoza $10.00 per hour.

42. From approximately July 2017 until on or about March 2019, Defendants paid Plaintiff Mendoza $12.50 per hour.

43. Defendants deducted 30 minutes daily from Plaintiff Mendoza's weekly paycheck for meals breaksshe never took .

44. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mendoza regarding overtime and wages under the FLSA and NYLL.

45. Defendants did not provide Plaintiff Mendoza an accurate statement of wages, as required by NYLL 195(3).

46. Defendants did not give any notice to Plaintiff Mendoza, in English and in Spanish (Plaintiff Mendoza's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

47. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendoza (and all similarly situated employees) to work in excess of 40 hours

a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

48. Plaintiff Mendoza was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

49. Defendants' pay practices resulted in Plaintiff Mendoza not receiving payment for all her hours worked, and resulted in Plaintiff Mendoza's effective rate of pay falling below the required minimum wage rate.

50. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

51. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mendoza (and similarly situated individuals) worked, and to avoid paying Plaintiff Mendoza properly for her full hours worked.

52. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

53. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Mendoza and other similarly situated former workers.

54. Defendants failed to provide Plaintiff Mendoza and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

55. Defendants failed to provide Plaintiff Mendoza and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

56. Plaintiff Mendoza brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

57. At all relevant times, Plaintiff Mendoza and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

58.     The claims of Plaintiff Mendoza stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

59.     Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

60.     At all times relevant to this action, Defendants were Plaintiff Mendoza's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Mendoza (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

61.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

62.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

63.     Defendants failed to pay Plaintiff Mendoza (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

64.     Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

65.     Plaintiff Mendoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

67. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Mendoza (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68. Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Mendoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

70. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Mendoza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Mendoza, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

72. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Mendoza less than the minimum wage.

73. Defendants' failure to pay Plaintiff Mendoza the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

74. Plaintiff Mendoza was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

75. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Mendoza overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77. Defendants' failure to pay Plaintiff Mendoza overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

78. Plaintiff Mendoza was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

79. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants failed to provide Plaintiff Mendoza with a written notice, in English and in Spanish (Plaintiff Mendoza's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

81. Defendants are liable to Plaintiff Mendoza in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

82. Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

83. With each payment of wages, Defendants failed to provide Plaintiff Mendoza with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

84. Defendants are liable to Plaintiff Mendoza in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

85.   Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

86.   At all relevant times, Defendants were Plaintiff Mendoza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

87.   Defendants made unlawful deductions from Plaintiff Mendoza's wages including, but not limited to, deductions for meals she never ate.

88.   The deductions made from Plaintiff Mendoza's wages was not authorized or required by law.

89.   Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Mendoza's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

90.   Plaintiff Mendoza was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

91.   Plaintiff Mendoza repeats and realleges all paragraphs above as though set forth fully herein.

92.   Defendants did not pay Plaintiff Mendoza on a regular weekly basis, in violation of NYLL §191.

93.   Defendants are liable to Plaintiff Mendoza in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mendoza respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendoza and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendoza and the FLSA Class members;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Mendoza and the FLSA Class members;

(e) Awarding Plaintiff Mendoza and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Mendoza and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendoza;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendoza;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Mendoza;

(j) Awarding Plaintiff Mendoza damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Mendoza liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(l) Awarding Plaintiff Mendoza and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff Mendoza and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(n) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mendoza demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 24, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
     Michael Faillace [MF-8436]
     60 East 42nd Street, Suite 4510
     New York, New York 10165
     Telephone: (212) 317-1200
     Facsimile: (212) 317-1620
     *Attorneys for Plaintiff*