# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620
_____

cerrington@faillacelaw.com

October 27, 2020

**VIA ECF**
Honorable Lorna G. Schofield.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: Mendoza et al v. Kidz Korner of New Rochelle et al.
No. 20-cv-5761

Your Honor,

This firm represents the Plaintiff in the above-referenced matter and writes jointly with Defendants counsel pursuant to your Order, filed October 9, 2020 (Dkt. 31) in anticipation of the Initial Conference scheduled for November 5, 2020.

### Plaintiffs' Statement

This is an action for money damages brought by Erika Mendoza ("Plaintiff").  Plaintiff brings this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-1.6. Plaintiff further alleges violations of the notice and recordkeeping requirements of the New York Labor Law.

Plaintiff was employed at Defendants' daycare center as a teacher. While her title was "teacher," Plaintiff contends that the actual nature of her work does not qualify under FLSA's exemptions for learned professionals. At all times Plaintiff was paid by the hour and required to keep her time. She often worked in excess of fifty hours per week, all compensated at straight time.

Plaintiff denies any allegations that she has falsified her timesheets.

### Defendants' Statement

Defendants deny the allegations in the complaint. Defendants maintain that all hours were tracked by a punch-in, punch-out electronic system and that the Plaintiff was paid for all hours worked. Additionally, defendants maintain that all plaintiff's payments were provided by the online payroll system Intuit, which provided a detailed payment stub, identifying all federal and state deductions with each payment.

February 16, 2017
Page 2

      Furthermore, Plaintiff's character is called into question because a) the plaintiff never worked at Kidz Korner of Scarsdale, and despite this fact, she named Kidz Korner of Scarsdale as an employer and a defendant in this case; and b) it has been revealed that for almost two years while defendant Ivy Rentz was getting treated for breast cancer and was not able to focus on her business, the plaintiff would often clock in and out hours before and after her shift was scheduled to start and end, resulting in being paid several thousands of dollars for hours she never worked. Evidence of this behavior is in the form of direct communications with the plaintiff, data from the punch-in/out system and witness statements.

      The parties have not exchanged discovery at this time.

      The procedural history, as of the date of this letter, is that plaintiff has filed a complaint on July 24, 2020 (Dkt. 1) and all defendants filed an answered on October 20, 2020 (Dkt. 32), with the exception of defendant Joy Farmer, who was dismissed from the case by the plaintiff (Dkt. 14-16).

      No motions have been filed or are pending at this time.

      Counsel for the parties have been amicably working together thus far and, as such, intend to exchange relevant documents within the next two weeks and engage in meaningful settlement discussions shortly thereafter.

      We thank the Court for its time and attention to this matter.

                                      Respectfully submitted,

                                      <u>/s/Clela Errington</u>
                                      Clela A. Errington, Esq.
                                      MICHAEL FAILLACE & ASSOCIATES, P.C.
                                      Attorneys for the Plaintiffs