## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff Erica Mendoza ("Plaintiff"), and defendants Kidz Korner of New Rochelle Inc. (d/b/a Kidz Korner), Kidz Korner of Scarsdale Inc. (d/b/a Kidz Korner), ("Defendant Corporations"), and Ivy Rentz (collectively "Defendants" and together with Plaintiffs, "Parties").

**WHEREAS**, on July 24, 2020, Plaintiff filed a Complaint in the United States District Court, Southern of New York, captioned Mendoza v. Kidz Korner of New Rochelle Inc. et al, Case No. 20-cv-5761 under the Fair Labor Standards Act, and the New York Labor Law, and the wage order of the New York Commissioner of Labor (the "Action"); and

**WHEREAS**, the Action was initially brought as a putative collective action, but Plaintiff never sought to certify the Action as a collective action and thus the Action did not proceed collectively; and

**WHEREAS**, on October 20, 2020 Defendants filed their Answer to the Complaint, denying the material allegations of the Complaint and asserting various defenses; and

**WHEREAS**, there is a bona fide dispute as to the viability of Plaintiff's claims and whether, and to what extent, Defendants have any liability to Plaintiff for unpaid wages, overtime or other compensation sought in the Action; and

**WHEREAS**, the Parties have determined it to be in their mutual interests to settle the Action and all other matters between them; and

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**WHEREAS**, throughout the negotiation and execution of this Agreement, Plaintiff has been represented by her counsel, Clela A. Errington, Esq. of Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiff's Attorney"); and

**WHEREAS**, Defendants have been represented by their counsel, Rod Biermann Esq. of Offit Kurman, 590 Madison Ave, 6th Floor, New York, NY 10022, telephone number (212) 545-1900 ("Defendants' Attorney"); and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney participated in a settlement conference with Magistrate Judge James L. Cott of the Southern District of New York, and reached a settlement acceptable to the Parties, which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

**WHEREAS**, the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length

negotiation between Plaintiff's Attorneys and Defendants' Attorneys, both of whom are experienced in actions of this nature; and

**WHEREAS**, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiff and Defendants, intending to be legally bound, hereby agree as follows:

1. **Consideration.** In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 3 below, Defendants shall pay to Plaintiff the total sum of Eighteen Thousand Dollars ($18,000) (the "Settlement Amount") as follows:

    a. The Settlement Amount will be paid in nine (9) monthly payments starting fourteen (14) calendar days after Court approval of the Settlement Agreement and every thirty (30) days thereafter, each payment to consist of the following:
        i. One check in the amount of $666.66 made payable to Michael Faillace Associates, P.C.;
        ii. One check in the amount of $1,333.34 made payable to Erica Mendoza

    b. Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraphs 1.a of this Agreement. Plaintiff or his authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' Attorney. Such default may be cured by Defendants making payment of the delinquent payment within thirty (30) days of Defendants' attorneys' receipt of Plaintiff's notice of default. Said notice of default shall be deemed received five days after it is mailed.

    c. Except as set forth in this Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees (as defined herein). Plaintiff acknowledges and agrees that unless she enters into this Agreement, she is not otherwise entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, she has been paid and/or has received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which she is, was, or may have been, entitled to be paid or received.

    d. The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants arising from or concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or

other compensation which were or could have been asserted in the Action and all other related matters.

e. Plaintiff represents that they are not aware of any existing lien against their recovery in this action. Plaintiff agrees to release, hold harmless and indemnify Defendants from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against their recovery in this action, including that portion of the recovery representing fees for legal services.

f. Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively her responsibility. Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services, Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

g. Upon Court approval of the Agreement, Defendants will issue, or cause to be issued to Michael Faillace & Associates, P.C. and Plaintiff each an IRS Form 1099 regarding the payment of the Settlement Amount made pursuant to this Paragraph 1.

h. If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, including being subject to penalties under IRS section 409A, Plaintiff agrees that she shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and she shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

2. **Failure to Pay.** Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiff to recover from Defendants jointly and severally: (i) 150% of the Settlement Amount set forth in paragraph 1 herein less the amount of any payments

already made; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to Plaintiff's Attorney the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement. Plaintiff's Attorney shall hold the executed and notarized Confession(s) of Judgment in escrow, and the confession(s) of judgment shall not be filed with the Court unless: (i) Defendants fail to make any payment when due pursuant to Paragraphs 1.a. and 1.b. of this Agreement; (ii) Plaintiff provided Defendants a notice of default in the manner prescribed pursuant to Paragraph 1.b. of this Agreement; and (iii) Defendants failed to cure the default pursuant to Paragraph 1.b. of this Agreement by making payment of the delinquent payment within thirty (30) calendar days of Defendants' Attorney's receipt of Plaintiff's notice of default as detailed in paragraph 1.b. herein.

3. **Limited Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually on behalf of her children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) Kidz Korner of New Rochelle, Inc. and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees, (ii) Kidz Korner of Scarsdale, Inc. and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees, and (iii) Ivy Rentz in her individual and corporate capacity, and her heirs, executors, administrators, attorneys, successors and assigns; (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have, known or unknown, contingent or otherwise, arising from Defendants' compensation of Plaintiff during their respective employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, including overtime, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq.*, and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff may have under this Agreement.

It is the intention of the Parties in executing this Agreement that it shall be a release of all claims arising from or concerning Defendants' compensation of Plaintiff during her employment with any Defendant in all respects and shall be effective as a bar to each and every matter released herein and that, should any proceeding be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction and settlement of

any such released matter and sufficient basis for its dismissal. Plaintiff acknowledges and agrees that, by signing this Agreement, she is surrendering and giving up any right she has or may have, without limiting the generality of any other provision herein, to assert any claim, arising from or concerning Defendants' compensation of Plaintiff during her employment with any Defendant, against or involving Defendants and the Releasees, or to permit herself (Plaintiff) to become and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, Plaintiff's compensation by Defendants.

4. **Discontinuance of Claims.** Plaintiff acknowledges and agrees that, other than the Action, she is not presently aware of any legal proceedings pending between Plaintiff and/or her representatives and Defendants or the Releasees. It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiff asserted against Defendants in the Action, and that the Action be dismissed with prejudice. Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice in the form annexed hereto as Exhibit B ("Stipulation"), which Stipulation shall be filed by Plaintiff's Attorney. Plaintiff agrees to refrain from re-filing any and all claims against Defendants and the Releasees, including, but not limited to, any and all claims asserted, or which could have been asserted, in the Action.

5. **Agreement Not to File Suit or Arbitration for Past Acts.** Plaintiff, for and on behalf of herself and each of her respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that they will not file or otherwise submit any claim, complaint, arbitration request, or action to any court or judicial forum (nor will Plaintiff permit any person, group of persons, or organization to take such action her behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees pertaining to any claim being released herewith arising before execution of this Agreement. Plaintiff further agrees that in the event that any person or entity should bring such a claim, complaint, or action on their behalf, Plaintiff hereby waives and forfeits any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort (but will not be obliged to incur any expense) to have such claim dismissed. Plaintiff understands that the provisions of this paragraph means that she cannot bring a future lawsuit against Defendants arising out of any actions or failures to act pertaining to any claim being released herewith arising before Plaintiff's execution of this Agreement.

6. **Attorneys' Fees in Suit.** If the Plaintiff breaches the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then Plaintiff will be required and compelled to pay for all fees and costs incurred by the Releasees, including reasonable attorneys' fees incurred in defending against such claims and/or in seeking or obtaining the dismissal of the same.

7. **Denial of Wrongdoing.** Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ.

The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

8. **Statement of Fairness.** The Parties acknowledge and agree this settlement is in Plaintiff's and Defendants' respective best interest given the extent of the disputed issues of fact described herein, and taking into account the strengths and weaknesses of each party's case. The Parties agree that the uncertainty of the outcome of trial warrants a settlement in the amount of $18,000.00. The Parties further agree that even taking into account the Plaintiff's attorneys' fees to be deducted from the Settlement Amount, the gross settlement of $18,000.00 adequately compensates Plaintiff for unpaid wages as well as a measure of liquidated damages.

9. **Non-Disparagement.** Plaintiff agrees not to make any critical, derogatory, disparaging, defamatory or untruthful statement about Defendants or the Releasees, whether by electronic, written or oral means, to any of Defendants' past, present or future patrons, competitors, partners, employees, or to any other person, including but not limited to, the public as whole via the internet or to the press or other media. This paragraph is not meant to conflict with any non-confidentiality requirements of FLSA settlements.

10. **Miscellaneous Acknowledgments and Affirmations.**

    a. Plaintiff affirms that upon payment of the Settlement Amount she has been paid and/or have received all compensation, wages, bonuses, tips, commissions, and/or benefits to which she may be entitled.

    b. Plaintiff affirms that she has been granted any leave to which they were entitled and have not been retaliated against for exercising any rights to leave.

11. **Notices.** Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided either via certified mail – return receipt requested or via overnight courier with electronic confirmation of delivery, plus a courtesy email, to the following:

    a. If to Defendants:
       Rod Biermann Esq.
       Offit Kurman
       590 Madison Ave, 6th Floor
       New York, NY 10022
       rbiermann@offitkurman.com,

    b. If to Plaintiffs:
       Clela A. Errington, Esq.
       Michael Faillace & Associates, P.C.
       60 East 42nd Street, Suite 4510

New York, New York 10165
cerrington@faillace.law.com

12. **Choice of Law and Forum.** This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles.

13. **Entire Agreement.** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

14. **Modification.** This Agreement may not be changed unless the change is in writing and signed by Plaintiff and her attorneys and an authorized representative of Defendants.

15. **General Provisions.** The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered as a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term herein. The invalidity of any provision of this Agreement shall not affect the validity of any other provision herein. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

16. **Section Headings.** Section headings are used for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

17. **Legal Counsel.** Plaintiff is hereby advised of her right to consult with an attorney before signing this Agreement, which includes a release. Plaintiff hereby acknowledges that she was fully and fairly represented by Michael Faillace & Associates, P.C., in connection with the review, negotiation and signing of this Agreement.

18. **Competence to Waive Claims.** At the time of considering or executing this Agreement, Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waives any and all claims she may have against the Releasees. Plaintiff certifies that she is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair her right or ability to waive all claims she may have against the Releasees.

19. **Execution.** The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

[SIGNATURE PAGE TO FOLLOW]

**PLAINTIFF**

ERICA MENDOZA

*/s/ Erica Mendoza*

Dated: 2/10/2021

**DEFENDANTS**

IVY RENTZ

_____
Individually and on behalf of Kidz Korner of
New Rochelle, Inc. and Kidz Korner of
Scarsdale, Inc.

Dated:

**PLAINTIFF**

**ERICA MENDOZA**

_____

Dated:


**DEFENDANTS**

**IVY RENTZ**

_____
Individually and on behalf of Kidz Korner of
New Rochelle, Inc. and Kidz Korner of
Scarsdale, Inc.

Dated:   2|22|21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------X
ERICA MENDOZA,

                      *Plaintiffs*,

        -against-
                                        **AFFIDAVIT OF CONFESSION OF JUDGMENT**

KIDZ KORNER OF NEW ROCHELLE INC.
(D/B/A KIDZ KORNER), KIDZ KORNER OF
SCARSDALE INC. (D/B/A KIDZ KORNER)
and IVY RENTZ,

                      *Defendants.*

------------------------------------X

STATE OF NEW YORK    )
                             : ss.:
COUNTY OF WESTCHESTER )

       IVY RENTZ, being duly sworn, deposes and says:

1. I, Ivy Rentz, am an officer of Kidz Korner of New Rochelle Inc. I am duly authorized to make this affidavit of confession of judgment on behalf of Kidz Korner of New Rochelle Inc. and myself.

2. Kidz Korner of New Rochelle Inc. maintained its principal place of business in Westchester County, 555 Davenport Ave, New Rochelle, NY 10805 12524.

3. I, Ivy Rentz receives mail at 189 Brook Street, Scarsdale 10583.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Erica Mendoza ("Plaintiff") and Kidz Korner of New Rochelle Inc., Kidz Korner of Scarsdale Inc., and Ivy Rentz ("Defendants") to which this affidavit is annexed, I hereby confess judgment and authorize entry thereof against Kidz Korner of New Rochelle Inc. and myself in favor of Plaintiff for the total sum of $27,000.00, less any payments made under the Settlement Agreement and Release.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement and Release, to which this affidavit is annexed, which provides that Defendants are to submit a total sum of $18,000.00 to Plaintiff, pursuant to the terms of the Settlement Agreement and Release. The amount of this affidavit of

confession of judgment represents the settlement amount of $18,000, plus liquidated damages of $9,000.00, for a total of $27,000.00.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement and Release.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and Release and failure to cure, this affidavit of confession of judgment shall be docketed and entered in the Supreme Court of the State of New York, County of Westchester for a judgment totaling $27,000.00 (less any amounts already paid to Plaintiff pursuant to the Settlement Agreement and Release), against Kidz Korner of New Rochelle Inc. and myself.

By: _____
IVY RENTZ, individually and on behalf of KIDZ KORNER OF NEW ROCHELLE INC.

Title: __President__

STATE OF NEW YORK           )
                            : ss.:
COUNTY OF WESTCHESTER       )

On 22 of Feb, 2021, before me personally came Ivy Rentz, to me known, who, by me duly sworn, did depose and say that deponent receives mail at 189 Brook Street, Scarsdale 10583, that deponent is an officer of Kidz Korner of New Rochelle, Inc., the party described herein, and that deponent executed the foregoing affidavit of confession of judgment on behalf of Kidz Korner of New Rochelle, Inc. and herself and was authorized to do so.

_____
Notary Public

MARY ELLEN MANNIELLO
Notary Public - State of New York
NO. 01MA6318869
Qualified in Bronx County
My Commission Expires Feb 2, 2023