USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERICA MENDOZA, individually and on behalf
of others similarly situated,

                  Plaintiffs,       **ORDER**

             -v-                             20-CV-5761 (JLC)

KIDZ KORNER OF NEW ROCHELLE INC. et al.,

                  Defendants.
------------------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have submitted a joint "fairness letter-motion" dated February 23, 2021 (Dkt. No. 45) and a fully executed settlement agreement (Dkt. No. 45-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The parties have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 46). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given defendants' financial situation as a result of the COVID-19 pandemic, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See*

1

*also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount"). The fact that the settlement amount is being paid in installments is consistent with this concern.

Having carefully reviewed the joint fairness letter-motion submitted by the parties as well as the proposed settlement agreement, and the parties having participated in a lengthy settlement conference that eventually led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)), except for one.[1] The parties' settlement agreement (at paragraph 9) includes a non-disparagement provision.[2] As the Court explicitly informed the parties when it issued its order scheduling the submission of their settlement papers (Dkt. No. 39), any such provision must be mutual and must include a carve-out for

---

[1] The Court's approval of the allocation of attorneys' fees should not be construed as an approval of the hourly rate of plaintiff's counsel.

[2] Paragraph 9 provides: "Plaintiff agrees not to make any critical, derogatory, disparaging, defamatory or untruthful statement about Defendants or the Releasees, whether by electronic, written, or oral means, to any of Defendants' past, present or future patrons, competitors, partners, employees, or to any other person, including but not limited to, the public as whole [sic] via the internet or to the press or other media. This paragraph is not meant to conflict with any non-confidentiality requirements of FLSA settlements."

truthfulness.  *See* Order dated January 8, 2021 (citing *Howard v. Don Coleman Advertising, Inc.*, 16-CV-5060 (JLC), 2017 WL 773695, at *2 (S.D.N.Y. Feb. 28, 2017) (any mutual non-disparagement provision must include carve-out for truthfulness); *see Payano v. 1652 Popham Assocs., LLC*, No. 17-CV-9983 (HBP), 2019 WL 464231, at *4 (S.D.N.Y. Feb. 6, 2019) ("Courts in this Circuit have held that while "not all non-disparagement clauses are per se objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case [because] [o]therwise, such a provision contravenes omitted).

No such carve-out is provided here, nor is the provision mutual.[3]  However, the settlement agreement appears to include a severability provision (at paragraph 15).[4]  Accordingly, the Court hereby finds the non-disparagement provision at paragraph 9 to be invalid as written and therefore severable and unenforceable. *See, e.g., Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19-CV-8486 (PGG) (BCM), 2019 WL 6117588, at *3 (S.D.N.Y. Nov. 18, 2019) (relying on severability clause, striking, *inter alia*, non-disparagement clause, and approving settlement as modified).

---

[3] The provision states: "This paragraph is not meant to conflict with any non-confidentiality requirements of FLSA settlements."  It is not clear what that sentence means, and in any event it does not include the explicit carve-out that courts (including this Court) have approved in non-disparagement provisions.

[4] Paragraph 15 provides, in relevant part: "The invalidity of any provision of this Agreement shall not affect the validity of any other provision herein."

Accordingly, the proposed settlement agreement (as modified by striking paragraph 9) is hereby approved. If the parties with to submit a revised settlement agreement with a mutual non-disparagement clause that provides for the required carve out, they may do so by **March 5, 2021**. In any event, the parties shall submit a stipulation of dismissal by **March 5, 2021**, and if not the Court will direct the Clerk to close the case at that time.[5]

**SO ORDERED.**

Dated: February 24, 2021
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[5] In their settlement agreement (at paragraph 4), the parties indicate that the "Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice in the form annexed hereto as Exhibit B." However, no Stipulation was attached to the settlement agreement filed with the Court.